**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* L.S.

**No. 17-1124** (Roane County 17-JA-9)

# MEMORANDUM DECISION

Petitioner Mother J.P., by counsel D. Kyle Moore, appeals the Circuit Court of Roane County's November 16, 2017, order terminating her parental rights to L.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury, Jr., filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an improvement period and terminating her parental rights without first granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2017, the DHHR filed an abuse and neglect petition against petitioner. The DHHR alleged that petitioner was pulled over in a traffic stop after she was observed driving a vehicle while intoxicated with the child as a passenger. The traffic stop revealed drugs and drug paraphernalia within reach of the child and the child was noted to be playing with a box containing buprenorphine. Petitioner was arrested and charged with (1) child neglect creating risk of injury, (2) driving under the influence with a minor, (3) two counts of possession of a controlled substance, and (4) driving with a revoked license for driving under the influence. The DHHR alleged that the child was observed to have severe dental decay and health concerns related to his ear, nose, and throat. Finally, the petition alleged that petitioner's parental rights to an older child had been involuntarily terminated due to her failure to remedy her drug abuse. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in March of 2017. Petitioner failed to attend but was represented by counsel. After hearing evidence, the circuit court adjudicated

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

petitioner as an abusing parent. Subsequent to the hearing, petitioner filed a motion for a post-adjudicatory improvement period.

In May of 2017, the circuit court held an initial dispositional hearing on petitioner's motion for a post-adjudicatory improvement period. In support of her motion, petitioner testified that she would comply with any terms or conditions set forth in the improvement period and that she had been searching for an inpatient substance abuse treatment program. The DHHR submitted petitioner's parental fitness evaluation, wherein the evaluator opined that petitioner's prognosis for parental improvement was "extremely poor to non-existent." The circuit court denied petitioner's motion for a post-adjudicatory improvement period, finding that petitioner previously had her parental rights to an older child involuntarily terminated due to nearly identical circumstances and failed to enroll in a long-term inpatient treatment facility. As such, the circuit court determined that petitioner was not likely to fully participate in an improvement period.

The circuit court held a final dispositional hearing in October of 2017. The circuit court provided an overview of the case and ultimately terminated petitioner's parental rights, finding that the child's best interests required termination, that petitioner had not attempted to participate in any substance abuse treatment throughout the proceedings and was unable to participate in visitation with the child, and that she had had her parental rights to an older child involuntarily terminated due to similar circumstances. It is from the November 16, 2017, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her an improvement period. Specifically, petitioner argues that she acknowledged that she had a substance abuse

---

[2]The father successfully completed an improvement period and the petition against him was dismissed. The permanency plan is for the child to remain in the custody of his father.

problem and that she needed help remedying the issue. Further, petitioner argues that she provided negative drug screens through her Suboxone clinic. Petitioner believes that her clean drug screens, coupled with her testimony, prove that she is likely to fully participate in an improvement period. We disagree. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

While petitioner argues that she would have fully participated in an improvement period, her actions throughout the proceedings below demonstrate otherwise. Petitioner previously had her parental rights to an older child terminated for her substance abuse issues. Nevertheless, petitioner persisted in her substance abuse and became the subject of the instant proceedings for nearly identical circumstances. Petitioner knew that her parental rights were at risk, yet did nothing to remedy the issues of abuse. Petitioner did not enter into long-term inpatient substance abuse treatment and, therefore, was unable to visit with her child throughout the proceedings. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n. 14, 479 S.E.2d 589, 600, n. 14 (1996)(citing *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 228 and 237, 470 S.E.2d 177, 182 and 191 (1996); *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). As such, petitioner's complete lack of any attempt to remedy the circumstances of abuse during the proceedings below demonstrates that the circuit court did not err in finding that she was not likely to fully participate in an improvement period or in denying her the same.

Petitioner also argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. Specifically, petitioner argues that she was honest about her substance abuse issues and her attempts to remedy the same. As such, petitioner argues that terminating her parental rights without granting her the opportunity to remedy the conditions of abuse violated her right to due process. We find petitioner's argument to be without merit. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. According to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent or parents have habitually abused or are addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed

through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning[.]

The record establishes that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. As mentioned, this is petitioner's second time participating in abuse and neglect proceedings. Petitioner knew that her substance abuse could lead to the termination of her parental rights, as it did in prior proceedings, and, despite this knowledge, she continued abusing drugs, resulting in the initiation of the instant proceedings. Petitioner failed to attend her adjudicatory hearing and underwent a parental fitness evaluation, wherein she was determined to have an extremely poor to non-existent prognosis for parental improvement. Finally, petitioner did not enter into long-term inpatient substance abuse treatment as recommended by the circuit court and her parental fitness evaluation. While petitioner argues that the circuit court should not have terminated her parental rights without first granting her an improvement period, we have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Petitioner chronically abused controlled substances over the course of several years. She was provided services throughout her prior case and yet returned to abusing controlled substances. Petitioner did not seek to enter inpatient substance abuse treatment throughout the instant proceedings. Therefore, we find that the circuit court did not err in terminating petitioner's parental rights as there was no reasonable likelihood that she could correct the conditions of abuse and/or neglect and termination was necessary for the child's welfare.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 16, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4